UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN ERIC EDWARDS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3115 |
| | § | |
| ERIC ANDERSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Before the Court are Defendants' Special Appearance and Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 7), Plaintiffs' Response and Brief in Opposition to Defendants' Motion to Dismiss (Document No. 8), and Defendants' Reply in Support of Their Motion to Dismiss (Document No. 9). After considering the pleadings, record, and applicable law, the Court concludes that Defendants' Motion to Dismiss (Document No. 7) should be granted.

### BACKGROUND

Plaintiffs Stephen Eric Edwards, James Anthony, and SEE Spray, LLC, (collectively "Plaintiffs") are Texas residents who provide the fabrication, design, and installation for recreational splash pads. Document No. 1 at 4–5. Defendants Phil Boevers, Paul Francel, Eric Anderson, Terry Anderson, F&M Bank, SBS Development, LLC (SBS), and The Piedmont Library & Cultural Events Society (PLACES) (collectively "Defendants") are all residents of Piedmont, Oklahoma. Document No. 1 at 5–6.

In 2016, PLACES, through Eric Anderson and Francel as its representatives, contracted with McKenna Contracting, Inc. (McKenna), a non-party Texas resident, to build a park in Piedmont, Oklahoma. During the summer of 2016, Plaintiffs were brought on to design,

fabricate, and install a splash pad for the park. The project was subsequently delayed for several months. When Plaintiffs eventually installed the splash pad, Defendants were not satisfied with the work and refused to pay Plaintiffs.

Plaintiffs brought suit in this Court alleging causes of action for breach of contract, fraud, statutory fraud, unjust enrichment, and accounting. Document No. 1 at 35–39. Defendants entered a special appearance to file their Motion to Dismiss for Lack of Personal Jurisdiction. Document No. 7.

## STANDARD OF REVIEW

Nonresident defendants wishing to challenge the Court's personal jurisdiction may enter a special appearance and file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). *See* FED. R. CIV. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982)). The plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). However, this does not require the Court to accept conclusory allegations as true, even if such allegations are uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

## DISCUSSION

Plaintiffs argue that Defendants have sufficient contacts with Texas to establish personal jurisdiction. Document No. 8 at 1. "A federal court sitting in diversity may exercise personal

jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Latshaw*, 167 F.3d at 211). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Under the Due Process Clause, personal jurisdiction is proper where (1) the defendant has "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state" and (2) the exercise of personal jurisdiction over the defendant "does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's minimum contacts may give rise to either general or specific personal jurisdiction. *Multidata Sys.*, 523 F.3d at 609. Where multiple defendants challenge personal jurisdiction, the Court must review the contacts of each defendant separately and determine whether jurisdiction exists over each defendant on an individual basis. *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 671 (S.D. Tex. 2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Plaintiffs do not allege that the Court has general jurisdiction over Defendants, so the Court will focus solely on specific jurisdiction.

"Specific jurisdiction may exist 'over a nonresident defendant whose contacts with the forum state are singular or sporadic only *if* the cause of action asserted arises out of or is related to those contacts.'" *Sangha v. Navig8 Ship Mgmt. Private Ltd.*, No. 17-20093, 2018 WL 706518, at *3 (5th Cir. Feb. 5, 2018) (emphasis in original) (quoting *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016)). The Court's inquiry into

whether specific jurisdiction is proper focuses on the relationship between the defendant, the forum, and the litigation. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014). In this inquiry, only the defendant's contacts with the forum state are relevant. *Id.* "Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* (quoting *Rush*, 444 U.S. at 332).

Plaintiffs point to the following contacts to support specific jurisdiction: (1) the contract to build the splash pad between PLACES and McKenna, a Texas corporation; (2) email and telephonic communications between Boevers, Francel, Eric Anderson, and the Plaintiffs concerning the performance of the contract; (3) the amount of work done on the splash pad equipment by Plaintiffs in Texas; and (4) the harm suffered by Plaintiffs in Texas. These contacts are all attributable to PLACES, Boevers, Francel, and Eric Anderson (hereinafter the "Project Defendants") only. Terry Anderson, F&M Bank, and SBS were not parties or signatories to the contract with McKenna and did not contact Plaintiffs. As a result, Plaintiffs have failed to establish personal jurisdiction over Terry Anderson, F&M Bank, and SBS. Further, the contacts asserted by Plaintiffs are insufficient to establish specific jurisdiction over the Project Defendants.

First, Plaintiffs incorrectly focus on their own ties with Texas to try to impute jurisdiction onto the Project Defendants. "A plaintiff's or third party's unilateral activities cannot establish minimum contacts between the defendant and forum state." *Moncrief Oil Int'l Inc.*, 481 F.3d at 311 (citing *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1028 (5th Cir. 1983)). Plaintiffs devote most of their Response to detailed explanations of the work and effort put into fabricating and preparing the splash pad equipment in Texas. However, regardless of the amount of work done by Plaintiffs in Texas in preparation of the equipment, that work cannot be imputed

to the Project Defendants or used to establish jurisdiction over the Project Defendants. *See Int'l Energy Ventures*, 818 F.3d at 213 (holding that plaintiff's performance of contract services in Texas was not sufficient to establish jurisdiction over nonresident defendant); *Moncrief Oil Int'l Inc.*, 481 F.3d at 313 ("[M]ere fortuity that one company happens to be a Texas resident, coupled with that company's unilateral performance, is not enough to confer jurisdiction."); *Hydrokinetics, Inc.*, 700 F.2d at 1028–29 (rejecting personal jurisdiction over nonresident defendant even though the goods purchased under the contract were manufactured in Texas, the payment for the goods was to be made in Texas, extensive communications occurred between the parties in Alaska and Texas, defendant's officers traveled to Texas to close the deal, and the contract was formally created in Texas).

Next, the contract between PLACES and McKenna is insufficient to support specific jurisdiction over the Project Defendants. The Fifth Circuit's decision in *Holt Oil & Gas Corporation v. Harvey* is particularly informative here. 801 F.2d 773, 778 (5th Cir. 1986). In that case, the Fifth Circuit held that specific jurisdiction over the nonresident defendant was improper even though he entered into a contract with a Texas corporation, sent the final joint operating agreement from Oklahoma to Texas, sent three checks from Oklahoma to Texas, and engaged in "extensive telephonic and written communications" with the Texas plaintiff. *Id.*

The Project Defendants have even less contacts with Texas than the defendant in *Holt Oil*. Unlike in *Holt Oil*, Plaintiffs were not parties to the contract with the Project Defendants. The Project Defendants entered into a contract for the construction of the splash pad with McKenna, not Plaintiffs. And even if Plaintiffs were parties, the existence of a contract between Plaintiffs and the Project Defendants is not sufficient to support specific jurisdiction. *See Moncrief Oil Int'l Inc.*, 481 F.3d at 312 ("[M]erely contracting with a resident of Texas is not

enough to establish minimum contacts."); *Latshaw*, 167 F.3d at 211 ("[E]ntering into a contract with an out-of-state party, without more, is not sufficient to establish minimum contacts."). The significance of the contract to the Project Defendants' minimum contacts is further diminished by the fact that the contract is governed by Oklahoma law and calls for performance in Oklahoma. *See Holt Oil*, 801 F.2d at 778 ("Although the contractual relationship between Holt and Harvey may have been cemented in Texas, the significance of this fact is diminished by the contract provision specifying that Oklahoma law would govern the agreement [and] by the fact that performance . . . was centered in Oklahoma rather than Texas.").

Finally, the communications between Plaintiffs and the Project Defendants in furtherance of the contract are not sufficient to confer jurisdiction. *See McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) ("We have held that communications relating to the performance of a contract themselves are insufficient to establish minimum contacts."); *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("[T]his Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish . . . minimum contacts."); *Holt Oil*, 801 F.2d at 778 ("[T]he exchange of communications between Texas and Oklahoma in the course of developing and carrying out the contract was in itself also insufficient to constitute purposeful availment of the benefits and protections of Texas law."). Because "[t]hese communications to Texas rested on nothing but 'the mere fortuity that [Plaintiffs happen] to be . . . resident[s] of the forum,'" they are insufficient to support specific jurisdiction. *Holt Oil*, 801 F.2d at 778 (quoting *Patterson v. Deitze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985)).

## CONCLUSION

Because Plaintiffs have failed to present this Court with evidence sufficient to show that Defendants have "purposefully availed [themselves] of the benefits and protections" of Texas by establishing "minimum contacts" with the state, they have failed to show that this Court has personal jurisdiction over Defendants. *Latshaw*, 167 F.3d at 211. Accordingly, for the reasons stated above, the Court hereby

ORDERS that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Document No. 7) is GRANTED. The case is DISMISSED WITHOUT PREJUDICE with each party bearing its own costs.

SIGNED at Houston, Texas, this 5th day of March, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE